UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:                                    ) | |
|                                           ) | |
| Robin Virginia Heinze,                    ) | Case No. 02-83050C-7D |
|                                           ) | |
|        Debtor.                            ) | |
| ───────────────────────────────────────  ) | |
|                                           ) | |
| Sara A. Conti, Trustee in                 ) | |
| Bankruptcy for the Estate of              ) | |
| Robin Virginia Heinze,                    ) | |
|                                           ) | |
|        Plaintiff,                         ) | |
|                                           ) | |
| v.                                        ) | Adversary No. 08-09012 |
|                                           ) | |
| George Paul Laroque,                      ) | |
|                                           ) | |
|        Defendant.                         ) | |
|                                           ) | |

CERTIFICATION OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM

This adversary proceeding is before the court for consideration of a Petition for Habeas Corpus ("Request for Testimonial Writ"), filed by the defendant, George Paul Laroque.

The trial of this adversary proceeding is scheduled for July 23, 2008, in Durham, North Carolina. Presently, Mr. Laroque is incarcerated in Wake Correctional Center, 1000 Rock Quarry Road, Raleigh, North Carolina. The Request for Testimonial Writ requests that the court issue a Writ of Habeas Corpus Ad Testificandum (the "Testimonial Writ") to secure Mr. Laroque's presence at the trial on July 23, 2008, or on any other date to which the trial may be continued.

1

Section 2241(a) of Title 28 provides that a writ of habeas corpus may be issued by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." It is not clear whether a bankruptcy court as an adjunct of the district court has independent authority to issue such a writ. In re Larson, 232 B.R. 396, 398 (Bankr. W.D. Wis. 1999); see also In re Cornelious, 214 B.R. 588 (Bankr. E. D. Ark. 1997);); In re Bona, 124 B.R. 11 (S.D.N.Y. 1991). However, the United States District Court for the Middle District of North Carolina has the authority to issue the Testimonial Writ and in its discretion may issue a writ of habeas corpus ad testificandum. Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976)(citing Price v. Johnston, 334 U.S. 266 (1948)). The factors that have been considered in determining whether a writ of habeas corpus ad testificandum should be issued include: (1) costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom; (2) any potential danger or security risks which the presence of the prisoner would pose to the court; (3) whether the matter at issue is substantial; (4) need for an early determination; (5) possibility of delaying trial until the prisoner is released; (6) probability of success on the merits; (7) integrity of the correctional system; and (8) interests of the inmate in presenting his testimony in person rather than by deposition. Stone v. Morris, 546 F.2d 730, 735-36 (7th Cir. 1976).

"Because the issuance of the writ is discretionary, no one factor is dispositive of the analysis." Larson, 232 B.R. at 399.

Not all of the foregoing factors are applicable in this adversary proceeding; however, the following factors weigh in favor of issuing the Testimonial Writ. The expense for transporting Mr. Laroque from Wake Correctional Center to Durham should not be significant since Wake Correctional Center is located in Wake County which adjoins Durham County. The matter at issue is substantial and the defendant has a strong interest in appearing in person since this adversary proceeding is an action seeking authorization to sale property jointly owned by the defendant and is scheduled for trial on the merits on July 23, 2008. It is not feasible to delay this proceeding until the defendant is released since the co-owner of the property is a debtor in a pending chapter 7 case and such delay would impede the administration of the bankruptcy case and result in undue delay for creditors and other parties in interest.

This court hereby certifies the attached Testimonial Writ to the United States District Court for the Middle District of North Carolina and recommends that the Testimonial Writ be issued by the District Court, requiring that North Carolina Department of Corrections/United States Marshal present Mr. Laroque before this court for the trial of this adversary proceeding at 9:30 a.m., on July 23, 2008, or such other date and time to which the trial may

be continued, in the United States Bankruptcy Court, First Floor Courtroom, 300 West Morgan Street, Durham, North Carolina.

This 16th day of July, 2008.

WILLIAM L. STOCKS
U. S. Bankruptcy Judge

4

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                    )
                                          )
Robin Virginia Heinze,                    )      Case No. 02-83050C-7D
                                          )
         Debtor.                          )
                                          )
_____          )
                                          )
Sara A. Conti, Trustee in                 )
Bankruptcy for the Estate of              )
Robin Virginia Heinze,                    )
                                          )
         Plaintiff,                       )
                                          )
v.                                        )      Adversary No. 08-09012
                                          )
George Paul Laroque,                      )
                                          )
         Defendant.                       )
                                          )

WRIT OF HABEAS CORPUS AD TESTIFICANDUM

TO:   Any  United  States  Marshal/North  Carolina  Department  of
      Corrections

      Comes now the undersigned Judge and it appearing to the court

that the presence of George Paul Laroque is necessary in order to

prosecute the trial in Adversary Proceeding No. 08-09012, presently

pending before the United States Bankruptcy Court for the Middle

District of North Carolina.   George Paul Laroque is required to

appear before the United States Bankruptcy Court for the Middle

District of North Carolina as a named defendant, for the trial in

such adversary proceeding at 9:30 a.m., on July 23, 2008, or on any

other date and time to which the trial may be continued, in the

First  Floor  Courtroom,  300  West  Morgan  Street,  Durham,  North

Carolina. It further appearing that George Paul Laroque is now confined in State Court custody in the Wake Correctional Center, 1000 Rock Quarry Road, Raleigh, North Carolina, where he is serving a criminal sentence and that his presence in the United States Bankruptcy Court cannot be secured under the ordinary process or subpoena of the United States Bankruptcy Court for the Middle District of North Carolina.

Therefore, it is ORDERED, ADJUDGED AND DECREED by the United States District Court for the Middle District of North Carolina, pursuant to the powers enumerated in 28 U.S.C. § 2241(a), that the above-named person, George Paul Laroque, is a necessary party and witness in the trial of this adversary proceeding, and North Carolina Department of Corrections/United States Marshal are directed to deliver George Paul Laroque to the United States Bankruptcy Court at 9:30 a.m., on July 23, 2008, or on any other date and time to which the trial may be continued, in the First Floor Courtroom, 300 West Morgan Street, Durham, North Carolina, for a trial before the United States Bankruptcy Court for the Middle District of North Carolina. Said prisoner is to be under the custody and control of North Carolina Department of Corrections and/or the United States Marshal for the Middle District of North Carolina for the duration of the trial in the above matter. It is FURTHER ORDERED that once the trial of this adversary proceeding has been completed and George Paul Laroque is released by the United States Bankruptcy Court for the Middle District of North

Carolina, he shall remain in the custody of the North Carolina Department of Corrections upon completion of the trial, subject to further orders of this court.

This _____ day of July, 2008.

_____