UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                              )
                                    )
Robin Virginia Heinze,              )    Case No. 02-83050C-7D
                                    )
        Debtor.                     )
                                    )
_____ )
                                    )
Sara A. Conti, Trustee in           )
Bankruptcy for the Estate of        )
Robin Virginia Heinze,              )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    Adversary No. 08-09012
                                    )
George Paul Laroque,                )
                                    )
        Defendant.                  )
                                    )

MEMORANDUM OPINION

This adversary proceeding came before the court on July 23, 2008, for trial. Sara A. Conti appeared on behalf of the Plaintiff and the Defendant appeared pro se. Having received and considered the evidence offered at the trial and the arguments presented on behalf of the parties, the court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District

Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) which this court may hear and determine.

## FACTS

On September 30, 2002, Robin Virginia Heinze ("Debtor"), commenced Bankruptcy Case No. 02-83050 by filing a petition for relief under chapter 13 of the United States Bankruptcy Code ("Debtor's Case"). On December 13, 2002, a chapter 13 plan of reorganization was confirmed in the Debtor's Case. The Debtor's Case proceeded under chapter 13 until October 23, 2007, on which date an order was entered converting the Debtor's Case to a case under chapter 7 of the United States Bankruptcy Code and appointing Sara A. Conti as the Chapter 7 Trustee.

When the Debtor's Case was commenced, the Defendant and the Debtor were joint owners as tenants in common of several hundred gemstones ("Gemstones"), various pieces of jewelry ("Jewelry") and more than 1,100 items of other personal property that include furniture, household furnishings and accessories, antiques, artwork, decorative items and collectibles of various kinds ("Other Personal Property"). The Gemstones currently are in the possession of Grimball Jewelers, who received the Gemstones in order to make an appraisal of the value of the gemstones. The Gemstones owned jointly by the Debtor and the Defendant are the parcels of stones listed in Plaintiff's Exhibit No. 3. The Jewelry and Other

Personal Property owned jointly by the Debtor and the Defendant are listed on Plaintiff's Exhibit No. 6 and currently are in storage with Cindy K. Smith, d/b/a Cindy Smith Auction & Estate Brokerage.

This adversary proceeding was commenced by the Plaintiff in the capacity of Chapter 7 Trustee of the bankruptcy estate of the Debtor pursuant to section 363(h) of the Bankruptcy Code seeking authorization to sell both the estate's and the Defendant's undivided interests in the Gemstones, Jewelry and Other Personal Property.

## ANALYSIS

As a tenant in common, the Debtor has a one half undivided interest in each of the Gemstones, each piece of Jewelry and each item of Other Personal Property. Debtor's one half undivided interest in the Gemstones, Jewelry and Other Personal Property are legal interests in property for purposes of section 541 of the Bankruptcy Code and such undivided interests constitute property of the bankruptcy estate in the Debtor's Case within the meaning of section 541(a)(1) of the Bankruptcy Code.

Pursuant to section 323 of the Bankruptcy Code, the Plaintiff, in her capacity as Chapter 7 Trustee, is the representative of the estate in the Debtor's Case. As such, the Plaintiff has the capacity and authority to sue on behalf of the estate in Debtor's Case and to liquidate property of the estate in the Debtor's Case. See Detrick v. Panalpina, Inc., 108 F.3d 529, 535 (4th Cir.

1997)(stating that "[o]nce appointed, the trustee becomes the estate's proper party in interest"); In re Lloyd, 37 F.3d 271, 275 (7th Cir. 1994)("The trustee is the representative of the estate. . . and is charged with liquidating the property of the estate as expeditiously as is compatible with the best interests of the parties in interest.").

Under section 363(h), a trustee may sell both the estate's interest and the interest of a co-owner in property in which the debtor has an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if the following four conditions are met: (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. The burden of proof is on the Plaintiff to establish these conditions by a preponderance of the evidence.

In this case, the first condition that must be met before a section 363(h) sale can be authorized is a showing that a partition

in kind is impracticable. A partition in kind involves a physical division of the property itself, not a division of sale proceeds. A physical division of the various items of Gemstones, Jewelry and Other Personal Property is not impossible; however, it does not follow that "partition in kind" of such property is practicable solely because such division is possible. Impracticability under section 363(h) is not limited to situations in which the property at issue cannot be physically divided. A partition in kind may be impracticable for purposes of section 363(h) where a partition is not practicable for other reasons, such as where a partition in kind is not practicable because of legal constraints. See Spear v. Crow Canyon Office Park Partners (In re Haley), 100 B.R. 13, 15-16 (Bankr. N.D. Calif. 1989)(holding that partition was impracticable because there was legally no way to allocate the secured debt on the entire property between the parcel to be sold and the co-owner's parcel). Impracticability also exists where there are circumstances that excuse a party from performing an act because it would cause extreme and unreasonable difficulty to do so. See In re Valley Health Sys., 383 B.R. 156, 163 (Bankr. C.D. Calif. 2006)(finding of impracticability under section 109(c)(5) was based upon need to act quickly in order to avoid risk of loss of assets). In order for a partition to be practicable, it must not only be physically possible, it also must be feasible and sensible, and a partition that is not feasible and sensible is impracticable. 56

Assoc. v. Diorio, 381 B.R. 431, 436 (D.R.I. 2008).

A partition in kind in this case would entail dividing the assets into two equal shares.  An equal division cannot be achieved simply by awarding each party the same number of items without regard to the value of the items received by the parties.  In order to make an equal division of the assets, the value of each item would have to be known and considered.  In order to have a value for the various items of property, each item would have to be appraised since an equal division would require that the cumulative value of the assets awarded to each party be equal.  This can be accomplished only if the value of each item is known.  The magnitude and expense of the appraisals that would be required in order to make a partition in kind of the property make such a partition impracticable.  A partition in kind would involve hundreds of items of personal property.  The wide variety of the various items would require that more than one appraiser be involved; it is unlikely that a single appraiser would have the expertise required to appraise the Gemstones, the Jewelry and the many different kinds of property that comprise the Other Personal Property.  Many hours would be involved in examining, grading, finding comparables and valuing the many items involved in this proceeding.  The cost of obtaining an appraisal of the individual stones that comprise the Gemstones by a qualified gemologist would be at least $10,000.00.  The cost of appraising the Jewelry and

Other Personal Property, which include more than 1,100 separate items, would range from $16,000.00 to $24,000.00. Unless and until the assets involved in this proceeding are sold, the Plaintiff in her capacity as Chapter 7 Trustee has no funds on hand with which to employ the appraisers that would be needed in order to obtain a partition in kind with respect to the Gemstones, Jewelry and Other Personal Property. Moreover, it is unclear whether the proceeds that would be realized from a sale of the property at issue would justify an expenditure of $34,000.00 to $44,000.00 for the required appraisals. The Jewelry and Other Personal Property are being stored at a cost of $3,000.00 per month which means that additional charges would be incurred during the time required for the appraisers to conduct their appraisals of the property, making a partition in kind even less practicable. Under the totality of the circumstances of this case, a partition in kind would pose extreme and unreasonable difficulty for the Plaintiff and is neither sensible nor feasible under the circumstances of this case and therefore is impracticable.

 The second condition that must be met before a section 363(h) sale can be authorized is a showing that a sale of only the estate's undivided half interest in the Gemstones, Jewelry and Other Personal Property would yield significantly less for the estate than a sale of such property free of the interest of the Defendant, i.e., a sale of the entire property. A purchaser of the

estate's undivided half interest in the Gemstones, Jewelry and Other Personal Property would then own such property jointly with the Defendant. Such a purchaser and the Defendant would each own an undivided half interest in each item and, without engaging in litigation, such a purchaser would not be able to make any use or disposition of the property without the consent of the Defendant. If a purchaser could be found who would pay any amount for such an interest, it would be a small amount, indeed. On the other hand, if such property were sold free of the Defendant's interest, the purchaser would be the sole owner of each item of property and would have the exclusive right to deal with the property. Upon such a sale, the estate would be entitled to half of what such a purchaser paid for the entire property. Unquestionably, half of what such a purchaser would pay would be significantly greater than what would be paid by a purchaser who was acquiring only the estate's undivided half interest in the property, which is sufficient to satisfy the condition contained in section 363(h)(2).

The third condition under section 363(h) involves determining whether the benefit to the estate of a sale of the property at issue free of the interests of the Defendant outweighs the detriment, if any, to the Defendant as the co-owner of the property. This issue involves a shifting burden of proof. The plaintiff has the initial burden of showing that a sale of the property free of the Defendant's interest would produce a benefit

to the estate; and once such a showing has been made, the burden then shifts to the Defendant to come forward with any evidence of detriment. In re Coletta Bros. of N. Quincey, 172 B.R. 159, 165 (Bankr. D. Mass. 1994); In re Grabowski, 137 B.R. 1, 3 (S.D.N.Y. 1992), aff'd mem., 970 F.2d 896 (2d Cir. 1992). The plaintiff's burden of proof involves showing that the estate's share of the net proceeds would exceed any existing liens on the estate's interest in the property. Coletta Bros., 172 B.R. at 165. As reflected in the schedules filed by the Debtor and in the affidavit from the Defendant which was offered into evidence by the Plaintiff, the Debtor's interest in the Gemstones, Jewelry and Other Personal Property is not subject to any existing liens.[1] The Gemstones alone were shown to have a wholesale value in excess of $31,000.00 and Defendant's affidavit indicated substantial value for the other assets. Plaintiff thus satisfied her initial burden of proof. The burden was then on the Defendant to offer evidence of any detriment related to a sale of the property. The Defendant elected not to offer evidence and thus made no showing of detriment. Plaintiff

---

[1] To the extent that the Debtor's interest in the Gemstones, Jewelry and Other Personal Property may be marital property, the Defendant's marital interest, if any, does not constitute a lien against the Debtor's interest in the property nor give the Defendant a property right in Debtor's interest in the property. Hearndon v. Hearndon, 510 S.E.2d 183, 186 (N.C. App. 1999)("This vested right [of equitable distribution] does not create a property right in marital property. Perlow v. Perlow, 128 B.R. 412,415 (E.D.N.C. 1991). Nor does the separation create a lien on specific marital property in favor of the spouse."). In accord, Union Grove Milling and Mfg. Co. v. Faw, 404 S.E.2d 508 (N.C. App. 1991).

therefore is entitled to prevail with respect to the third condition required under section 363(h).

The fourth and final requirement under section 363(h) is that the property to be sold is not property used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power. The court will take judicial notice that the personal property involved in this proceeding is not used in the manner described in section 363(h)(4).

Although the Defendant's answer in this proceeding contains a counterclaim against the Plaintiff, the Defendant offered no evidence in support of the counterclaim and has shown no grounds for any relief against the Plaintiff.

CONCLUSION

Having shown that partition in kind of the Gemstones, Jewelry and Other Personal Property between the estate and the Defendant is impracticable, that the sale of the estate's undivided interest in such property would realize significantly less for the estate that sale of such property free of the interest of the Defendant, that the benefit to the estate of a sale of such property free of the interest of the Defendant outweighs any detriment to the Defendant, and that such property is not property used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power, the Plaintiff

is entitled to a judgment adjudging that she may sell both the interest of the estate in the Debtor's Case and the interest of the Defendant in the Gemstones, Jewelry and Other Personal Property.

Having offered no evidence in support of his counterclaim and having shown no grounds for relief against the Plaintiff, the Defendant is not entitled to any relief and his counterclaim is subject to dismissal with prejudice.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9021 of the Federal Rules of Bankruptcy Procedure, a judgment in accordance with the foregoing findings and conclusions shall be entered contemporaneously with the filing of this memorandum opinion.

This 1st day of August, 2008.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

George Paul Laroque
DOC#1069304
1000 Rock Quarry Road
Raleigh, NC 27610

Sara A. Conti, Trustee

Michael D. West, Bankruptcy Administrator